APALLA U. CHOPRA (S.B. #163207)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
MEGHANN M. HISCOCKS (S.B. #274766)
mhiscocks@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone: 415-984-8912
Facsimile: 415-984-8701

Attorneys for Defendants
Marriott International, Inc. and The Ritz-Carlton Hotel
Company, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MICHAEL LAMBSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; THE RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware Corporation; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. 3:11−cv−06669-CRB<br><br>**STIPULATION AND [PROPOSED] ORDER FOR LEAVE FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer |

Plaintiff Vernon Michael Lambson ("Plaintiff") and Defendants Marriott International, Inc. ("Marriott") and The Ritz-Carlton Hotel Company, LLC ("The Ritz-Carlton") (collectively, "Defendants"), by and through their respective counsel, hereby stipulate as follows:

**WHEREAS**, Counsel for both parties met and conferred on February 10, 2012, and February 29, 2012, and discussed the possibility of amending the Complaint to dismiss Marriott without prejudice;

**WHEREAS**, pursuant to the discussions to limit this case to the Ritz Carlton defendant, Defendants have provided Plaintiff a declaration (the "McNamee Declaration") describing certain facts relating to the relationship between the Marriott and Ritz Carlton named Defendants;

**WHEREAS**, the parties have agreed that Plaintiff's dismissal of Marriott as a party to this case be without prejudice to Plaintiff later re-amending the operative complaint to add Marriott as a party to this action;

**WHEREAS**, the no notice has gone out to putative class members who may have worked at Marriott, and, accordingly there is no prejudice to dismissal of Marriott from this action;

**WHEREAS**, neither counsel for Plaintiff nor the Plaintiff has received any form of consideration for the dismissal of Marriott;

**WHEREAS**, Defendants have agreed not to object to any later amendment of the Complaint to add Marriott as a party to this action;

**WHEREAS**, upon any such later amendment, Defendants have preserved their rights to argue that Marriott is not a proper party to this action and/or is not liable for any alleged damages resulting from the conduct of The Ritz-Carlton;

**NOW, THEREFORE**, the parties hereby stipulate and agree as follows:

1) Plaintiff may file a First Amended Complaint, a copy of which is attached as **Exhibit A**.

2) Upon entry of the Court's Order permitting the filing of the First Amended

- 1 -

Complaint, the First Amended Complaint shall be deemed served. Defendant The Ritz-Carlton shall have thirty (30) days from the date the following [Proposed] Order is entered by this Court to answer the First Amended Complaint.

   3) Plaintiff may in the future amend the operative complaint, renaming Marriott, if (i) any of the statements in the McNamee Declaration are incorrect; or (ii) Plaintiff believes that The Ritz-Carlton is unable to financially satisfy an award; or (iii) facts are discovered that otherwise warrant the naming of Marriott as a party to this litigation. The parties understand and agree that any such amendment re-naming Marriott will, at a minimum, relate back to the date the following [Proposed] Order is entered by this Court. Both sides reserve any and all arguments regarding whether or not any such amendment re-naming Marriott will relate back to the filing of the original Complaint. Defendants shall have thirty (30) days from filing to answer or otherwise respond to said amended complaint.

   4) The parties further understand and agree that in agreeing to this stipulation, Marriott and The Ritz-Carlton are not waiving any arguments, including by way of example but not limitation: (i) whether Marriott is an appropriate defendant generally, or whether Marriott is liable financially or otherwise for The Ritz-Carlton's policies specifically; (ii) whether class certification is appropriate (regardless of how the putative class is defined and regardless of whether or not it is limited to The Ritz-Carlton, Lake Tahoe or The Ritz-Carlton's California operations generally); and/or (iii) whether the First Amended Complaint and/or any claim, allegation, or cause of action therein, is timely with regard to either or both Marriott or The Ritz-Carlton.

Dated: May 14, 2012           LAW OFFICES OF PETER M. HART

                                      By: /s/ Peter M. Hart
                                           Peter M. Hart
                                           Attorneys for Plaintiff

| | |
|---|---|
| Dated:  May 14, 2012 | O'MELVENY & MYERS LLP |
| | By: /s/ Adam P. KohSweeney |
| | Adam P. KohSweeney |
| | Attorneys for Defendants Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC |

### ATTESTATION OF CONCURRENCE

Pursuant to the Court's General Order 45, Section X(B), I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my personal knowledge.

Executed this 14th day May, 2012, in Los Angeles, California.

/s/ Peter M. Hart
Peter M. Hart

Case 3:11-cv-06669-CRB Document 23 Filed 05/25/12 Page 5 of 5

# [~~PROPOSED~~] ORDER

This Court has reviewed the Parties' Stipulation for Leave for Plaintiff to File A First Amended Complaint.

Good cause appearing therefore, it is hereby ordered that the Stipulation is **GRANTED**. Plaintiff shall have leave to file the First Amended Complaint and Defendant shall have thirty (30) days from the date of this Order to answer, subject to all the understandings and limitations set out in the parties' Stipulation.

**IT IS SO ORDERED.**

DATED: _May 25_, 2012



_____
Honorable Charles R. Breyer
United States District Judge

70658105

- 4 -
STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE 1ST AMEND. COMPL. | (CASE NO. 4:11-CV-06669)